# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| JOSEPH ALONSO VANATTA, JR., | ) |
| Petitioner, | ) |
| vs. | ) Case No. 09-CV-174-TCK-TLW |
| MIKE MULLIN, Warden, | ) |
| Respondent. | ) |

## OPINION AND ORDER

Before the Court is Respondent's motion to dismiss petition for habeas corpus as time-barred (Dkt. # 6). Petitioner, a state inmate appearing *pro se*, did not file a response to the motion to dismiss. Respondent seeks dismissal of this action under 28 U.S.C. § 2244(d), as amended by the Antiterrorism and Effective Death Penalty Act ("AEDPA") (imposing a one-year limitations period on habeas corpus petitions). For the reasons discussed below, the Court finds that the petition was not timely filed. Respondent's motion to dismiss shall be granted and the petition for writ of habeas corpus shall be dismissed with prejudice.

## *BACKGROUND*

Petitioner challenges his convictions entered in Creek County District Court, Case No. CF-2003-099. See Dkt. # 7, Ex. 1. The docket sheet provided by Respondent reflects that on July 26, 2005, the state district court found Petitioner guilty after accepting his pleas of guilty to Unlawful Possession of Controlled Drug With Intent to Distribute Within 2000 Feet of a School (Counts 1 (Methamphetamine) and 2 (Marijuana)), Maintaining Place resorted to by Users of Controlled Drugs (Count 3), Possession of Controlled Drugs Without Tax Stamp Affixed (Count 4), and Unlawful Possession of Drug Paraphernalia (Count 5), all after former conviction of two or more felonies.

See Dkt. # 7, Ex. 2. On that date, Petitioner was sentenced to twenty (20) years imprisonment per count, with all but the first ten (10) years suspended, to be served concurrently, except Count 5 for which he received a sentence of one (1) year. Id. The sentences were also ordered to be served concurrently with sentences entered in Creek County District Court, Case Nos. CF-2003-370 and CF-2004-109. Petitioner did not file a motion to withdraw plea and did not otherwise perfect an appeal to the Oklahoma Court of Criminal Appeals ("OCCA"). See id.

On January 14, 2008, Petitioner filed an application for post-conviction relief. See Dkt. # 7, Ex. 3. By order filed November 17, 2008, the state district court denied post-conviction relief. Id., Ex. 4. Petitioner appealed. By order filed March 16, 2009, in Case No. PC-2008-1161, the OCCA affirmed the denial of post-conviction relief. See id., Ex. 6.

Petitioner commenced this habeas corpus action on March 30, 2009. See Dkt. # 1. In response to the petition, Respondent asserts that this action is time-barred. See Dkt. # 6.

*ANALYSIS*

The AEDPA, enacted April 24, 1996, established a one-year limitations period for habeas corpus petitions as follows:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State actions;
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

>(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
>(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d). In general, the limitations period begins to run from the date on which a prisoner's conviction becomes final, but may also begin to run under the terms of § 2244(d)(1)(B), (C), and (D). Also, the limitations period is tolled or suspended during the pendency of a state application for post-conviction relief properly filed during the limitations period. § 2244(d)(2).

Application of the provisions of § 2244(d)(1)(A) to the instant case leads to the conclusion that this habeas petition was filed after the expiration of the one-year limitations period. Because Petitioner failed to file a motion to withdraw his guilty pleas in Case No. CF-2003-099, his conviction became final, pursuant to § 2244(d)(1)(A), ten (10) days after pronouncement of his Judgment and Sentence, or on August 5, 2005. See Rule 4.2, *Rules of the Court of Criminal Appeals* (requiring the defendant to file an application to withdraw plea of guilty within ten (10) days from the date of the pronouncement of the Judgment and Sentence in order to commence an appeal from any conviction on a plea of guilty or *nolo contendere*). As a result, his one-year limitations clock for any claim challenging his convictions, including the claims raised in the instant petition, began to run on August 5, 2005. Absent a tolling event, a federal petition for writ of habeas corpus filed after August 5, 2006, would be untimely. See United States v. Hurst, 322 F.3d 1256 (10th Cir. 2003) (applying Fed. R. Civ. P. 6(a) to calculate AEDPA deadline).

Although the running of the limitations period would be tolled or suspended during the pendency of any post-conviction or other collateral proceeding with respect to the pertinent judgment or claim properly filed during the limitations period, 28 U.S.C. § 2244(d)(2); Hoggro v. Boone, 150 F.3d 1223, 1226 (10th Cir. 1998), Petitioner did not seek post-conviction relief during

the relevant period. Petitioner's application for post-conviction relief, filed January 14, 2008, does not toll the one-year limitations period because it was filed after the limitations period had already expired. A collateral petition filed in state court after the limitations period has expired no longer serves to toll the statute of limitations. See Fisher v. Gibson, 262 F.3d 1135, 1142-43 (10th Cir. 2001). As a result, this action, commenced on March 30, 2009, appears to be untimely.

Petitioner failed to file a response to Respondent's motion to dismiss. He also failed in his petition to explain why the one-year statute of limitations does not bar this action. See Dkt. # 1 at 9. The Court recognizes that the statute of limitations contained in § 2244(d) is not jurisdictional and may be subject to equitable tolling. See Miller v. Marr, 141 F.3d 976, 978 (10th Cir. 1998); see also Gibson v. Klinger, 232 F.3d 799, 808 (10th Cir. 2000). To be eligible for equitable tolling, however, a petitioner must make a two-pronged demonstration: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way," Yang v. Archuleta, 525 F.3d 925, 928 (10th Cir. 2008) (quoting Lawrence v. Florida, 549 U.S. 327, 336 (2007)), so as to prevent him from timely filing his habeas petition. A petitioner's burden in making this demonstration is a heavy one: a court will apply equitable tolling only if a petitioner is able to "'show specific facts to support his claim of extraordinary circumstances and due diligence.'" Id. (quoting Brown v. Barrow, 512 F.3d 1304, 1307 (11th Cir. 2008)).

Nothing in the record suggests that Petitioner pursued his claims diligently; nor has he met the burden of pleading "rare and exceptional circumstances" sufficient to warrant equitable tolling. Gibson, 232 F.3d at 808. Therefore, the Court finds Petitioner is not entitled to equitable tolling. As a result, this action is time-barred. Respondent's motion to dismiss shall be granted and Petitioner's petition for writ of habeas corpus shall be dismissed with prejudice.

4

**ACCORDINGLY, IT IS HEREBY ORDERED that:**

1. Respondent's motion to dismiss petition for writ of habeas corpus as time-barred (Dkt. # 6) is **granted**.

2. The petition for writ of habeas corpus (Dkt. # 1) is **dismissed with prejudice**.

3. A separate Judgment shall be entered in this case.

DATED THIS 13th day of January, 2010.

                TERENCE KERN
                UNITED STATES DISTRICT JUDGE